UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| THOMAS FARRUGIA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:04-cv-235-JMS-WGH |
| | ) | |
| T.R. BARNETT, Inmate Systems Manager, | ) | |
| MR. SUSSMAN, E-Unit Manager, and | ) | |
| ERIC WHITE, Unit Counselor, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER ON VARIOUS MOTIONS

This matter is before the Honorable William G. Hussmann, Jr., United States Magistrate Judge, on certain motions filed by the plaintiff, Thomas Farrugia, in this case.[1] The following **ORDERS** are entered:

1. **Plaintiff's Motion for Court Ordered Discovery filed on November 9, 2010 (Docket No. 177):** The defendants filed their Response on November 12, 2010 (Docket No. 179). No reply brief has been filed. This Motion for Court Ordered Discovery is **DENIED.** The plaintiff is referred to Federal Rules of Civil Procedure 26-37, inclusive. Under those rules, and under our Local Rule 37.1, the plaintiff must file a request for production of documents prior to this court issuing any orders compelling production. The plaintiff has not alleged that he

---

[1] The Magistrate Judge notes there are two motions pending at Docket Nos. 173 and 174 that were previously resolved by the Magistrate Judge's Order on Telephonic Status Conference entered November 3, 2010, at Docket No. 175. Therefore, those two motions are hereby **DENIED, as moot.**

has filed a request for production of documents, and until he has done so, no order can issue. Furthermore, as the defendants point out in this case, the plaintiff has brought his claims against three individual employees of the Bureau of Prisons, in their individual capacities. As such, it is unlikely that they have in their individual possession copies of the documents the plaintiff seeks. As the defendants point out, there is an appropriate method for obtaining the information the plaintiff seeks from the Bureau of Prisons. The plaintiff will be required to exhaust that method prior to seeking any further orders from the court in this matter.

2. **Plaintiff's Motion for Court Order for the Discovery of All Documents filed on November 16, 2010 (Docket No. 180):** The defendants filed a Response on November 18, 2010 (Docket No. 182), and the plaintiff filed a reply brief on November 22, 1010 (Docket No. 184). The same rationale which applies to the prior motion is applicable to this request. Therefore, that motion is **DENIED.**

3. **Plaintiff's Motion for Court Order to Depose BOP filed on November 18, 2010 (Docket No. 181):** The plaintiff seeks a court order to depose Mr. R. Starbuck. That motion is **DENIED.** The plaintiff is referred to Federal Rule of Civil Procedure 31(a)(3) which requires that a person to be deposed by written questions must serve an appropriate notice. The notice has not been served in this case and, therefore, the request for the court to order such deposition is denied.

4. Pursuant to Federal Rule of Civil Procedure 16, the Magistrate Judge wishes to clarify that the issues currently before this court for resolution are limited to the following:

    (a)    Did defendants Barnett, Sussman, and/or White lose or destroy important legal documents belonging to the plaintiff on or about September 15, 2004?

    (b)    Did defendant White improperly open the plaintiff's legal mail on or about June 15, 2005?

    (c)    Did defendants Barnett, Sussman, and/or White retaliate against the plaintiff between September 2004 and June 2005 because the plaintiff filed a grievance or civil rights claim against them?

It must be noted that the plaintiff's claim is brought under the authority of *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971). It is these issues which must be addressed via a motion for summary judgment.

5. In the Magistrate Judge's Order on Telephonic Status Conference entered November 3, 2010 (Docket No. 175), the parties were ordered to streamline their discovery. Because of the age of this case, the parties must not anticipate any extensions to the summary judgment motion deadline of March 15, 2011. To that end, the plaintiff is **DIRECTED** to advise the court within ten (10) days of the date of this order which specific discovery devices he wishes to employ. This means that the plaintiff must advise the court whether he has appropriate funds available to him to conduct depositions, and if so, he must state with specificity the person or persons he wishes to depose. The plaintiff is advised that there are no funds available from the court to pay necessary

witness fees or court reporter costs in conducting these depositions.  If the plaintiff has no funds to complete depositions, he will be unable to effectuate depositions as a part of his pretrial preparation.

      6. To the extent the plaintiff wishes to send out interrogatories, requests for production, or subpoenas to third-parties, including the Bureau of Prisons, he must properly serve them within twenty (20) days of the date of this order so that all discovery can be completed by the deadlines established in the order of November 3, 2010 (Docket No. 175).

      7. The court has set a deadline of not later than March 15, 2011, to file any motions for summary judgment.  However, if discovery is not necessary to complete the motions for summary judgment process, the court requests that the motions be filed as early as possible and not later than thirty (30) days from the date of this order.

      **SO ORDERED.**

**Dated:** December 7, 2010

                                           William G. Hussmann, Jr.
                                           United States Magistrate Judge
                                           Southern District of Indiana

**Copies to:**

| THOMAS FARRUGIA | Thomas E. Kieper |
| --- | --- |
| REG NO 79966-098 | UNITED STATES ATTORNEY'S OFFICE |
| United States Penitentiary | tom.kieper@usdoj.gov |
| P.O. Box 33 | |
| Terre Haute, IN  47808 | |